UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOLLIE JAMES BROADUS, | ) | Case No. 2:13-cv-01457-JAD-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | (IFP App - Dkt. #1) |
| | ) | |
| OFFICER ORANFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Hollie James Broadus is a prisoner proceeding in this action pro se. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a Complaint on August 13, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.    In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a).

Although Plaintiff is a prisoner, because he has no funds in his inmate trust account, he will not be required to prepay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). He will, however, be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The Henderson City Jail, or other agency in whose custody Plaintiff is incarcerated, shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in Plaintiff's inmate trust account exceeds ten dollars until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The court will now review Plaintiff's Complaint.

/ / /

/ / /

## II.     Screening the Complaint

Upon granting a prisoner's request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915A(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983

does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiff's Complaint alleges that in February 2013, Defendant Oranfield, a Las Vegas Metropolitan Police Officer, violated his rights under the Eighth and Fourteenth Amendment of the United States Constitution.  Specifically, Plaintiff asserts Defendant racially profiled Plaintiff as he was walking and then sexually molested him.  After the alleged sexual assault, Plaintiff alleges Defendant arrested him at the corner of 13th Street & Fremont Street and told Plaintiff he would kill him if the Plaintiff told anyone else what happened.  Plaintiff alleges Defendant also sexually assaulted him on ten or fourteen prior occasions.

Plaintiff has not stated a claim under the Eighth Amendment.  By its very terms, the Eighth Amendment prohibits "cruel and unusual punishment" against persons convicted of a crime. *See generally* Amendment VIII; *see also Graham v. Conner*, 490 U.S. 386, 393 n.6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n.1 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions")). Plaintiff cannot state an Eighth Amendment claim for conduct related to his arrest by Defendant.

Plaintiff has, however, stated claims under the Fourth Amendment, which protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV.  First, Plaintiff has stated a claim for an unlawful arrest.  Generally, an arrest made without a warrant requires a showing of probable cause. *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 2001).  An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment. *Dubner v. City of San Francisco*, 266 F.3d 959 (9th Cir. 2001). A warrantless arrest is reasonable where the officer has probable cause to believe a crime has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

/ / /

Whether a police officer has probable cause to arrest is ascertained by looking at the facts known to the officer at the time of the arrest. *Turner v. County of Washoe*, 759 F.Supp. 630, 634 (D.Nev. 1991). Probable cause exists if the facts and circumstances within the person's knowledge and based on reasonably trustworthy information are sufficient to warrant a prudent person in believing that the person had committed a crime. *Id.* The existence of probable cause vitiates any claim of unlawful arrest. *Pierson v. Ray*, 386 U.S. 547 (1967); *Wyatt v. Cole*, 504 U.S. 158, 165 (1992); *Turner*, 759 F.Supp. at 633 (stating "It has long been established that a police officer who arrests with probable cause is immune from suit in a civil rights action"). Whether charges are later dismissed does not affect the determination of whether probable cause existed to support the arrest. *Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1996).

The plaintiff bears the burden of proof on the issue of unlawful arrest, which can be satisfied by showing that the arrest was conducted without a valid warrant. *Dubner*, 266 F.3d at 965. If the arrest was warrantless, the burden then shifts to the defendant to provide some evidence that the arresting officer(s) had probable cause for a warrantless arrest. *Id.* The plaintiff still bears the ultimate burden of proof, but the burden of production falls on the defendant. *Id.* Here, Plaintiff alleges he was arrested for simply being an African-American walking down the street. He has stated a claim for an unlawful arrest.

Second, Plaintiff has stated a claim for excessive use of force. The United States Supreme Court has found that "[w]here the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Graham*, 490 U.S. at 394. The Court held that all claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory detention, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard. *Id.* at 395.

Determining whether the force used to effect the arrest is "reasonable" under the Fourth Amendment requires balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake. *Id.* at 396 (*citing United States v. Place*, 462 U.S. 696, 703 (1983). The Court's "Fourth Amendment jurisprudence has

long recognized that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id*. The court must examine the totality of the circumstances, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. Reasonableness must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight and "[n]ot every push or shove, even if it may later seems unnecessary in the peace of a judge's chambers" violates the Fourth Amendment. *Id*. (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id*. at 396-97. Here, Plaintiff's allegations that he was sexually assaulted during his arrest state a claim for excessive use of force in violation of the Fourth Amendment.

Plaintiff's Complaint also names Las Vegas Metropolitan Police Department ("LVMPD") as a Defendant, however, there are no factual allegations against LVMPD in the Complaint itself. LVMPD is not liable simply because it is Defendant Oranfield's employer. LVMPD can be sued as a municipal entity under § 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Because Plaintiff has not stated any allegations against LVMPD in the Complaint, LVMPD will be dismissed without prejudice.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This

Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

4. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants.  The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

5. Pursuant to 28 U.S.C. § 1915(b)(2), the City of Henderson Detention Center shall forward to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to Plaintiff's account in the months that the account exceeds $10.00 until the full $400 filing fee has been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of the inmate

accounts department at the City of Henderson Detention Center, P.O. Box 95050, Henderson, NV 89009-5050.

6. Defendant Las Vegas Metropolitan Police Department is DISMISSED from this action without prejudice.

Dated this 18th day of October, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE